IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DARRELL L. PEARSON and
TERI A. PEARSON,

          Plaintiffs,

v.          CIVIL ACTION NO.   3:13-19629

GILES INDUSTRIES, INC.,
CMH of KY, INC., d/b/a FREEDOM HOMES,
KITCHEN'S CONSTRUCTION and PRICHARD'S
EXCAVATING & MOBILE HOME TRANSPORT,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Prichard's Excavating and Mobile Home Transport's Motion to Set Aside Entry of Default and Motion for Leave to File Answer (ECF No. 24) and Plaintiffs' Motion to Enter Default Judgment Against Prichard's Excavating and Mobile Home Transport (ECF No. 25). For the reasons that follow, Defendant's Motion to Set Aside Entry of Default and Motion for Leave to File Answer is **GRANTED**, and Plaintiffs' Motion to Enter Default Judgment is **DENIED as moot**.

Should Plaintiffs wish to pursue attorney's fees and costs incurred as a result of the dilatory conduct of counsel for Defendant Prichard's Excavating in this case, the Court **DIRECTS** Plaintiffs to file such a motion—outlining each cost, providing evidence of each cost, and providing legal precedent for such an award—within 14 days of the entry of this Order.

**I.    Background**

Plaintiffs allege that Prichard's Excavating and Mobile Home Transport ("Prichard's

Excavating") committed negligence when transporting, delivering, and setting up a new manufactured home for Plaintiffs. The Complaint was filed in the Circuit Court of Mason County on June 6, 2013. The Secretary of State was served with the summons and complaint as the statutory agent for Prichard's Excavating on June 14, 2013. On July 11, 2013, Prichard's Excavating, appearing *pro se*, signed a Consent to Remove, and on July 12, 2013, other defendants in this action filed a Notice of Removal to this Court. Prichard's Excavating, *pro se*, failed to file an answer to the Complaint by the July 15, 2013, deadline. On August 6, 2013, counsel for Prichard's Excavating filed a Notice of Appearance and emailed counsel for Plaintiffs, requesting a thirty day extension to file an answer to the Complaint. Pls.' Mot. Enter Default J., Ex. A, ECF No. 25-1. Plaintiffs' counsel agreed to the thirty day extension, leading to a new deadline of September 5, 2013. *Id.* On August 8, 2013, all parties filed a Rule 26(f) Report of Planning Meeting, which set the deadline for Rule 26(a)(1) initial disclosures as September 30, 2013. Prichard's Excavating failed to file an answer to the Complaint by the September 5, 2013, deadline. On September 30, 2013, and October 1, 2013, all parties other than Prichard's Excavating filed their Rule 26(a)(1) initial disclosures. On October 1, 2013, Plaintiffs moved for entry of default against Prichard's Excavating, and the Clerk entered default that same day. On October 7, 2013, counsel for Prichard's Excavating received the Clerk's Entry of Default. On October 15, 2013, Prichard's Excavating filed the instant Motion to Set Aside Entry of Default and Motion for Leave to File Answer.

In its motion, Defendant explains simply that "[c]ounsel for [Defendant] inadvertently failed to properly calendar the [a]nswer due date." Mot. Set Aside Entry Default & Mot. Leave File Answer, ECF No. 24. Plaintiffs maintain that this is insufficient to set aside the entry of default.

## II. Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In this case, only an *entry* of default has been made. *Judgment* by default has not yet been entered; therefore, the "good cause" standard of Rule 55(c) is applicable. Whether "good cause" exists to set aside an entry of default is determined by weighing the six factors outlined by the Fourth Circuit in *Payne ex rel. Estate of Calzada v. Brake*: 1) "whether the moving party has a meritorious defense," 2) "whether it acts with reasonable promptness," 3) "the personal responsibility of the defaulting party," 4) "the prejudice to the party," 5) "whether there is a history of dilatory action," and 6) "the availability of sanctions less drastic." 439 F.3d 198, 204-05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (overturning a district court's decision to not set aside an entry of default for abuse of discretion when the court had relied too heavily on one of the *Payne* factors). In particular, "Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421 (internal quotation marks omitted).

## III. Analysis

### A. Reasonable promptness

As Plaintiffs concede, Prichard's Excavating acted with reasonable promptness in filing the instant Motion in response to the Clerk's Entry of Default. Pls.' Mot. Enter Default J. 9. Only two weeks had elapsed since default was entered. *See, e.g.*, *J & J Sports Prods., Inc. v. Santillan*, No. 1:11CV1141, 2012 WL 2861378, at *3 (M.D.N.C. July 11, 2012) (finding reasonable

promptness when the defendant filed her motion to set aside entry of default "three months after service of the Complaint and 28 days after the Clerk entered a default" and citing other cases with similar findings).

### B. Personal responsibility of the defaulting party

The "personal responsibility of the defaulting party" factor also weighs in favor of Prichard's Excavating. Importantly, the Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no *personal* responsibility of the defaulting party. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) ("[J]ustice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings. . . . Any dilatory action was on the part of the attorney, not the defendants . . . ." (internal quotation marks omitted)). Here, counsel for Prichard's Excavating squarely takes the blame for the entry of default. She was responsible for filing the answer and specifically requested the due date. Prichard's Excavating was not personally involved in this failure at all, according to the evidence before the Court. Plaintiffs note that Prichard's Excavating, *pro se*, failed to file an answer in time to meet the original deadline, but the entry of default here did not result from Defendant's personal inaction at that time. Rather, it results from counsel's later inaction.

### C. History of dilatory action

The "history of dilatory action" factor also weighs in favor of Prichard's Excavating. In *Lolatchy v. Arthur Murray, Inc.*, the Fourth Circuit noted that "[a]ny dilatory action [in that case] . . . was not drawn out, and continued at the most for a time span of *only a few months*." *Id.* Here, Plaintiffs point to three instances of dilatory action by Prichard's Excavating, spanning just under a

few months.[1] First, while appearing *pro se*, Prichard's Excavating failed to file an answer by the first deadline by three weeks. Then, the new attorney for Prichard's Excavating failed to file an answer by the second deadline by less than a month. Defendant's attorney also failed to file Defendant's Rule 26(a)(1) initial disclosures, but the entry of default was entered the next day, so it is unknown how long counsel for Prichard's Excavating would have taken to file the disclosures.[2] This case is comparable to *Lolatchy*, where the Fourth Circuit found the dilatory action in the case to be minor, at least for the purposes of setting aside an entry of default.

### D. Prejudice

The prejudice factor also weighs in favor of Prichard's Excavating. Plaintiffs have argued no compelling prejudice to them if the entry of default is set aside—only a little over a month after entry of default and before entry of default judgment was ever made. "In the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad.*, 616 F.3d at 418. The Court agrees with the Fourth Circuit, as it stated in *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*: "As to prejudice, we perceive no disadvantage to [the defendant] beyond that suffered by any party which loses a quick victory." 843 F.2d 808, 812 (4th Cir. 1988). Disappointment is not prejudice.

### E. Sanctions less drastic

Less drastic sanctions are available to the Court, and no such sanctions had been tried in this case before the default was entered. Thus, this factor also weighs in favor of Prichard's Excavating. *See, e.g.*, *Lolatchy*, 816 F.2d at 953 ("The attorney, for example, could have been

---

[1] The Court notes that Defendant was not entirely unresponsive during this time span. There were instances of prompt action by counsel for Prichard's Excavating in early August 2013.

[2] Plaintiffs make much of the fact that Defendant Prichard's Excavating still has not filed the Rule 26(a)(1) initial disclosures; however, given that an entry of default has been made against Defendant in this case, it does not seem unusual that Defendant would not continue to work on other aspects of the case. That said, the Court has duly taken note of Defendant Prichard's Excavating's counsel's dilatory action to date—the entire reason for the instant motions—and expects to see no such further behavior.

charged with all costs and expenses attendant to the delay, including attorneys' fees, or even held in contempt of court. There is nothing in the record to suggest that either of these actions would not have promptly cured his failure to respond.").

Here, sanctions for the extra costs incurred by Plaintiffs are appropriate. Plaintiffs' counsel had to expend time and effort to work with counsel for Prichard's Excavating to extend the deadline—which was then ignored—, to file for entry of default, and to file the instant motion for entry of default judgment, which by necessity also included Plaintiffs' arguments in opposition to Defendant's instant motion. Should Plaintiffs wish to pursue attorney's fees and costs incurred as a result of the dilatory conduct of counsel for Prichard's Excavating in this case, the Court **DIRECTS** Plaintiffs to file such a motion—outlining each cost, providing evidence of each cost, and providing legal precedent for such an award—within 14 days of the entry of this Order.

### F. Meritorious defense

The "meritorious defense" factor weighs against Prichard's Excavating. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings*, 843 F.2d at 812. Despite specifically citing this proffer of evidence requirement, Prichard's Excavating merely attached its proposed Answer to its Motion. There are no facts in the Answer. Here, "the defendant did not [sic] more than allege in conclusory fashion that it had a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Despite the glaring lack of evidence to support a meritorious defense, five out of six of the *Payne* factors support setting aside the entry of default in this case. Additionally, "any doubts should be resolved in the movant's favor." *Augusta Fiberglass Coatings*, 843 F.2d at 812. Thus, the Motion to Set Aside Entry of Default is granted.

## IV. Motion for Leave to File Answer

Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing an answer,[3] stating: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect for purposes of Rule 6(b) of the Federal Rules of Civil Procedure should be determined by the individual circumstances of each case and, depending upon the circumstances, may include inadvertence by the responding party." *Moundsville Water Bd. v. Shook, Inc. Heavy & Envtl. Div.*, No. 5:09CV113, 2011 WL 666470, at *1 (N.D. W. Va. Feb. 14, 2011).[4] Here, Prichard's Excavating has fulfilled the six factor test under the "good cause" standard of Rule 55(c) of the Federal Rules of Civil Procedure, and it has proffered that the neglect in this case was the result of inadvertence by Defendant's counsel. Thus, the Motion for Leave to File Answer is granted.[5]

## V. Conclusion

For the reasons stated above, Defendant Prichard's Excavating and Mobile Home Transport's Motion to Set Aside Entry of Default and Motion for Leave to File Answer (ECF No. 24) is **GRANTED**, and Plaintiffs' Motion to Enter Default Judgment (ECF No. 25) is **DENIED as moot**.

Should Plaintiffs wish to pursue attorney's fees and costs incurred as a result of the dilatory conduct of counsel for Defendant Prichard's Excavating in this case, the Court **DIRECTS**

---

[3] *Moundsville Water Bd. v. Shook, Inc. Heavy & Envtl. Div.*, No. 5:09CV113, 2011 WL 666470, at *1 (N.D. W. Va. Feb. 14, 2011).

[4] The Fourth Circuit has explicitly held that the higher "excusable neglect" standard for setting aside a default *judgment* under Federal Rule of Civil Procedure 60(b) does not apply to a motion to set aside an entry of default. *Colleton Preparatory Acad.*, 616 F.3d at 420-21. As shown by *Moundsville*, this higher "excusable neglect" standard under Rule 60(b) is not applicable to "excusable neglect" for the purposes of Rule 6(b)(1)(B).

[5] Many courts automatically grant a motion for leave to file an answer once a defendant has fulfilled the standard for setting aside an entry of default. *See, e.g., Synovus Bank v. Denson*, No. 1:11CV139, 2011 WL 4527424, at *2 (W.D.N.C. Sept. 26, 2011).

Plaintiffs to file such a motion—outlining each cost, providing evidence of each cost, and providing legal precedent for such an award—within 14 days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       November 13, 2013

        ROBERT C. CHAMBERS, CHIEF JUDGE