IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DARRELL L. PEARSON and
TERI A. PEARSON,

          Plaintiffs,

v.        CIVIL ACTION NO. 3:13-19629

PRICHARD'S EXCAVATING
& MOBILE HOME TRANSPORT,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion for Attorney Fees and Costs,[1] ECF No. 31. This Motion is **GRANTED in part** and **DENIED in part**. Defendant's counsel, Jenna Perkins Wood, is hereby **ORDERED** to reimburse Plaintiffs for $5,225 in attorneys' fees within 30 days from the entry of this Memorandum Opinion and Order. The Court **DIRECTS** that Defendant's untimely Response to this Motion, ECF No. 34, be stricken from the record. The Court further **DIRECTS** Defendant's counsel to file Defendant's Rule 26(a)(1) disclosures within 7 days of the entry of this Order or face further sanctions.

**I.  Background**

Plaintiffs allege that Defendant Prichard's Excavating and Mobile Home Transport[2] committed negligence when transporting, delivering, and setting up a new manufactured home for

---

[1] Though Plaintiffs' Motion explicitly requests both attorneys' fees and costs at multiple points, Plaintiffs' counsel states that he is "willing to waive recovery of costs" in the attached memorandum. Mem. Supp. Pls.' Mot. Att'y Fees & Costs 3-4, ECF No. 32. Thus, the Court will only address Plaintiffs' request for attorneys' fees.

[2] On November 15, 2013, Plaintiffs stipulated to the dismissal all Defendants other than Prichard's Excavating and Mobile Home Transport.

Plaintiffs. The Complaint was filed in the Circuit Court of Mason County on June 6, 2013. The Secretary of State was served with the summons and complaint as the statutory agent for Defendant on June 14, 2013. On July 11, 2013, Defendant, appearing *pro se*, signed a Consent to Remove, and on July 12, 2013, other defendants in this action filed a Notice of Removal to this Court. Defendant, *pro se*, failed to file an answer to the Complaint by the July 15, 2013, deadline. On August 6, 2013, counsel for Defendant filed a Notice of Appearance and emailed counsel for Plaintiffs, requesting a thirty day extension to file an answer to the Complaint. Pls.' Mot. Enter Default J., Ex. A, ECF No. 25-1. Plaintiffs' counsel agreed to the thirty day extension, leading to a new deadline of September 5, 2013. *Id.* On August 8, 2013, all parties filed a Rule 26(f) Report of Planning Meeting, which set the deadline for Rule 26(a)(1) initial disclosures as September 30, 2013. Defendant failed to file an answer to the Complaint by the September 5, 2013, deadline. On September 30, 2013, and October 1, 2013, all parties other than Defendant filed their Rule 26(a)(1) initial disclosures.[3]

On October 1, 2013, Plaintiffs moved for entry of default against Defendant, and the Clerk entered default that same day. On October 17, 2013, Defendant moved to set aside the entry of default, while also moving for leave to file its answer. On October 25, 2013, Plaintiffs moved for entry of default judgment. On November 13, 2013, this Court denied Plaintiffs' motion and granted Defendant's motions, setting aside the entry of default, noting the admitted dilatory conduct of Defendant's counsel, and inviting Plaintiffs to file a motion for attorneys' fees—given that an award of attorneys' fees is a less drastic sanction against Defendant than entering default judgment in favor of Plaintiffs. Mem. Op. & Order 5-6, Nov. 13, 2013, ECF No. 28. On November 27, 2013, Plaintiffs filed the instant Motion. After Defendant did not respond within the period prescribed by the Local Rules, Plaintiffs filed a "Reply." ECF No. 33. On January 8, 2014,

---

[3] The Court notes that Defendant *still* has yet to file its Rule 26(a)(1) initial disclosures.

Defendant filed a Response—over three weeks late[4]—without addressing the extreme tardiness of the Response. ECF No. 34. Plaintiffs filed a Reply to Defendant's late Response, requesting that the Response be stricken as untimely. ECF No. 35. The Court hereby **DIRECTS** that Defendant's untimely Response be stricken from the record.[5] This Motion is ripe for review.

**II.     Analysis**

   **A. Legal Authority to Grant Attorneys' Fees**

As described in the Court's November 13, 2013, Memorandum Opinion and Order setting aside the entry of default against Defendant, one of the six factors to be weighed in determining whether good cause exists to set aside an entry of default is "the availability of sanctions less drastic." Mem. Op. & Order 3. The Fourth Circuit has specifically noted that one such sanction is assessing attorneys' fees against the attorney whose dilatory conduct caused the entry of default. *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) ("The attorney, for example, could have been charged with all costs and expenses attendant to the delay, including attorneys' fees . . . .") (noting the specific motivational effect which such a sanction would have upon an attorney known for dilatory conduct); *see also Thornton v. First Nat. Credit Card Ctr.*, No. CIV.A. 3:10-0943, 2011 WL 5195714, at *2 (S.D. W. Va. Oct. 31, 2011) (describing the court's prior decision awarding attorneys' fees and costs while setting aside an entry of default as "an alternative, less severe sanction" to default). Here, Defendant's counsel, by her own admission,

---

[4] Per Local Rule of Civil Procedure 7.1(a)(7), "Memoranda and other materials in response to motions shall be filed . . . within 14 days from the date of service of the motion." Additionally, Federal Rule of Civil Procedure 6(a) states, "The following rules apply in computing any time period specified . . . in any local rule . . . ," including when computing a "period . . . stated in days." Federal Rule of Civil Procedure 6(d) states, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Federal Rule of Civil Procedure 5(b)(2)(E) allows service "by electronic means." Plaintiffs served the instant Motion on Defendant's counsel via electronic filing with the Clerk of Court using the CM/ECF system. Pls.' Mot. Att'y Fees & Costs. Defendant thus had 17 days in which to file its Response to Plaintiffs' Motion. Defendant filed its Response 42 days after Plaintiffs filed their Motion.

[5] Under Federal Rule of Civil Procedure 6(b), "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(b). Defendant made no such motion and has not even attempted to argue that its delay in filing the Response is due to excusable neglect.

was the cause of Defendant's excessive post-extension tardiness in filing Defendant's answer. Mot. Set Aside Entry Default & Mot. Leave File Answer, ECF No. 24 ("Counsel for [Defendant] inadvertently failed to properly calendar the [a]nswer due date."). Ironically, this mea culpa—together with this Court's statement, two and a half months ago, that sanctions would be appropriate[6]—has not changed counsel's behavior. She still has not filed Defendant's Rule 26(a)(1) disclosures, despite the fact that they were due *5 months ago*, and she responded to the instant Motion more than three weeks after such response was due, without addressing her tardiness or making the proper motion to the Court to accept such an untimely response.

The apparent, continuing lack of respect for the Court shown by Defendant's counsel is precisely the situation in which the Court's inherent power to sanction attorneys and parties is appropriately used to deter such bad faith behavior.[7] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("[A] court may assess attorney's fees when a party has acted in bad faith . . . . [W]hen a party shows bad faith by delaying or disrupting the litigation . . . , [t]he imposition of sanctions . . . reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." (citations omitted) (internal quotation marks omitted)). The Court accordingly **FINDS** that the

---

[6] "Here, sanctions for the extra costs incurred by Plaintiffs are appropriate. Plaintiffs' counsel had to expend time and effort to work with counsel for Prichard's Excavating to extend the deadline—which was then ignored—, to file for entry of default, and to file the instant motion for entry of default judgment, which by necessity also included Plaintiffs' arguments in opposition to Defendant's instant motion." Mem. Op. & Order 6.

[7] After Defendant's counsel explicitly recognized a "calendaring error" as the basis for her first delay in filing, it would stretch credulity to believe that her second and third delays are based upon the same merely negligent behavior. Both this Court and Plaintiffs have repeatedly reminded Defendant's counsel of her responsibility to file the second and third tardy documents in a timely manner, to no effect. *See, e.g.*, Mem. Supp. Pls.' Mot. Enter Default J. & Opp. Def.'s Mot. Set Aside Default 3, Oct. 25, 2013, ECF No. 26 ("Prichard has yet to serve Rule 26(a)(1) initial disclosures."); Mem. Op. & Order 5 n.2, Nov. 13, 2013 ("Defendant Prichard's Excavating still has not filed [its] Rule 26(a)(1) initial disclosures . . . . [T]he Court has duly taken note of Defendant Prichard's Excavating's counsel's dilatory action to date—the entire reason for the instant motions—and expects to see no such further behavior."); Mem. Supp. Pls.' Mot. Att'y Fees & Costs 4, Nov. 27, 2013 ("Ms. Wood has not yet served Prichard's Rule 26(a)(1) initial disclosures . . . ."); Mot. Pls.' 1st Reply 1, Dec. 17, 2013 ("[T]he time has now passed for filing any opposition to the Motion and none has been filed.").

continuing dilatory behavior of Defendant's counsel, Jenna Perkins Wood, amounts to bad faith and **DIRECTS** that sanctions be assessed against her for such behavior in the form of an award of reasonable attorneys' fees to Plaintiffs for some of the extra expenditures of time Plaintiffs' attorney had to make due to Ms. Wood's dilatory conduct in filing an answer to the Complaint.

### B. Calculation of Reasonable Attorneys' Fees

In calculating an award of reasonable attorneys' fees, "a district court should first identify the number of hours reasonably expended on the litigation and [then] multiply that number by a reasonable rate."[8] *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). The "hours for which . . . reimbursement is [sought should be] reasonable and . . . not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending,* No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

Here, Plaintiffs' attorney has provided an itemized exhibit—beginning August 6, 2013, and ending November 28, 2013[9]—in which he describes 34 "tasks" which, in his estimation, were completed due to Defendant's counsel's dilatory filing of Defendant's Answer. Att'y Hours, ECF No. 31-1. Each task is assigned a date and a number value representing the amount of time

---

[8] In calculating an award of attorneys' fees under a fee-shifting statutory scheme, a court must determine the lodestar amount—defined as a "reasonable hourly rate multiplied by hours reasonably expended"—using the twelve *Johnson/Barber* factors, including "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Grissom v. The Mills Corp.,* 549 F.3d 313, 320–21 (4th Cir. 2008) (internal quotation marks omitted). However, unlike in statutory fee-shifting situations, the award of attorneys' fees in this case is a sanction under this Court's inherent powers. As such, many of the *Johnson/Barber* factors simply do not apply. Focusing upon those factors which do inform a determination of reasonable attorneys' fees in this situation, the Court will award reasonable attorneys' fees in an amount concomitant with the level of sanction that the Court wishes to impose.

[9] The Court notes that the "Attorney Hours" exhibit was actually filed a day earlier than its final entry—on November 27, 2013—, together with the instant Motion. The final entry is labeled "Draft and file Mot for Atty Fees and Mem." and is assigned 4 hours. The Court believes that the date of the final entry is merely a clerical error. Thus, it will treat the entry as otherwise valid.

expended on each task—from 0.1 hours to 6.2 hours. *Id.* Overall, Plaintiffs request reimbursement for 31.2 hours of work at $275 per hour, leading to a total request of $8,580. *Id.* In support of this rate of pay, Plaintiffs attach a report from 2010-2011, entitled "United States Consumer Law Attorney Fee Survey Report." ECF No. 31-2. Using this report, Plaintiffs' attorney states that, given his 17 years of experience working in litigation and the fact that he works with a small firm, $373 per hour is the appropriate rate for his work—as this is the average rate of a comparable attorney in the region. Mem. Supp. Pls.' Mot. Att'y Fees & Costs 3. However, this number is gleaned from a portion of the report which groups West Virginia attorneys together with attorneys in Delaware, New Jersey, Pennsylvania, and Virginia, who—according to the report—make much more than West Virginia attorneys on average. U.S. Consumer Law Att'y Fee Survey Report 6-7, 14-16, 18. Plaintiffs' attorney then states that he is "willing to use a reduced fee" of $275 per hour. Mem. Supp. Pls.' Mot. Att'y Fees & Costs 3. This rate is apparently gleaned from the portion of the report which gives the average hourly rate of attorneys working in small firms in West Virginia in 2011, regardless of an attorney's personal experience. U.S. Consumer Law Att'y Fee Survey Report 14-16. The Court agrees that this average hourly rate is reasonable.

The Court disagrees, however, that all 31.2 hours detailed in Plaintiffs' exhibit are reasonable under the circumstances. Att'y Hours 2. Plaintiffs' counsel includes communications with Defendant's counsel—including communications regarding extending the deadline for Defendant to file an answer and a call regarding settlement—which maintain no connection with Defendant's counsel's dilatory conduct. *Id.* at 1. Plaintiffs' counsel also includes some indecipherable entries, including "Investigate SOP as to Prichard w/Sec. State," which the Court likewise will not credit toward the reasonable fees awarded in this case. *Id.* Most importantly, Plaintiffs' counsel includes nearly 10 hours of researching and drafting Plaintiffs' Motion to Enter

Default Judgment, which Plaintiffs filed more than a week after Defendant filed its Motion to Set Aside Entry of Default and Motion for Leave to File an Answer. Att'y Hours 1. Plaintiffs' rush to file the Motion for Entry of Default Judgment after Defendant filed its Motion to Set Aside Entry of Default was unnecessary and is, thus, not included within the Court's calculation of reasonable fees *caused* by Defendant's counsel's dilatory conduct.[10] Overall, the Court finds that Plaintiffs' counsel expended 19.0 hours[11] as a result of Defendant's counsel's dilatory conduct in filing Defendant's answer. Multiplying these hours by the reasonable rate of $275 per hour, the total amount which Defendant's counsel owes to Plaintiffs is $5,225.

### III. Conclusion

For the reasons above, Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 31, is **GRANTED in part** and **DENIED in part**. Defendant's counsel, Jenna Perkins Wood, is hereby **ORDERED** to reimburse Plaintiffs for $5,225 in attorneys' fees within 30 days from the entry of this Memorandum Opinion and Order. The Court **DIRECTS** that Defendant's untimely Response to this Motion, ECF No. 34, be stricken from the record. The Court further **DIRECTS** Defendant's counsel to file Defendant's Rule 26(a)(1) disclosures within 7 days of the entry of this Order or face further sanctions.

---

[10] The Court notes that the memorandum attached to Plaintiffs' Motion for Default Judgment also responds to Defendant's Motion to Set Aside Entry of Default. Accordingly, the Court has included in its calculation of reasonable fees both the task labeled "Review/research M/to set aside default" and part of the time allocated to the research and drafting of the "Motion for Default Judgment," knowing that some of that time was actually used to draft the portion of the memorandum which was in response to Defendant's Motion to Set Aside Entry of Default.

[11] This includes the time Plaintiffs' counsel spent researching and drafting the Motion for Entry of Default by Clerk, ECF No. 19, the portion of Plaintiffs' Memorandum in Support of their Motion to Enter Default Judgment which is actually in opposition to Defendant's Motion to Set Aside Default, and the instant Motion for Attorney Fees and Costs.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

         ENTER:  February 10, 2014

         _____
         ROBERT C. CHAMBERS, CHIEF JUDGE